# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-116V

|  |  |
|---|---|
| KAREN MILLER,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 22, 2025 |

*Richard Gage*, Richard Gage, P.C. (WY), Cheyenne, WY, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

  On February 4, 2022, Karen Miller filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration caused by an influenza vaccine administered on February 5, 2019. Petition, ECF No. 1. On March 20, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 46.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner filed a final motion for attorney's fees and costs, requesting an award of $21,814.42. Motion for Attorneys' Fees and Costs filed May 13, 2025, ECF No. 51. Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. *Id.* at 53. Petitioner then Amended his fees and costs request on June 24, 2025, to include a bill for costs incurred by Petitioner's former counsel. Petitioner requests an updated total award of $22,517.40 (representing $18,025.80 in fees plus $4,491.60 in costs). Amended Motion, filed June 24, 2025. ECF No. 53.

Respondent reacted to the motion on May 16, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 52. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested by Richard Gage and his supporting paralegal for all time billed in this matter are reasonable and consistent with our prior determinations and shall be adopted. And all time billed to the matter was reasonably incurred.

Furthermore, Petitioner has provided supporting documentation for costs claimed by Richard Gage. ECF No. 51 at 42-53. However, it appears that counsel did not provide the required documentation to substantiate the additional $702.98 for costs claimed in Petitioner's Amended Motion. See ECF No 53 at 44. Before reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 72-74 (emphasis added).[3] When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). The Court contacted Petitioner's counsel via e-mail correspondence requesting the missing documentation. *See* Informal Remark dated September 11, 2025. As of today, no additional evidence was filed by Petitioner's counsel.

Accordingly, I will allow reimbursement of all costs claimed by Richard Gage, as those expenses have been fully substantiated, but I deny reimbursement of all other unsubstantiated costs. **Application of the foregoing reduces the total amount of litigation costs to be awarded by <u>$702.98.</u>**

---

[3] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/default/files/vaccine_guidelines_20240318.pdf

2

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $21,814.42 (representing $18,025.80 in fees plus $3,788.62 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.